# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **S.N., N.N., and S.B.**

**No. 19-0099** (Upshur County 18-JA-20, 18-JA-21, and 18-JA-22)

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father W.B., by counsel Brian W. Bailey, appeals the Circuit Court of Upshur County's January 7, 2019, order terminating his parental rights to S.N., N.N., and S.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), G. Phillip Davis, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for the children to testify and in excluding the evidence provided by his character witnesses in the adjudicatory order.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner sexually abused sixteen-year-old S.N. According to the DHHR, S.N. participated in a forensic interview and disclosed that petitioner had sexually abused her "since she was in eighth grade." S.N. "detailed that the sexual abuse occurred almost daily and began approximately two months

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner asserts no assignment of error regarding the termination of his parental rights to the children.

after her mother left for prison."[3] The DHHR alleged that S.N.'s sisters also participated in forensic interviews and corroborated details of S.N.'s disclosures.

In June of 2018, petitioner filed a "Motion to Permit the Respondent Father the Opportunity to Question Child Witnesses," citing Rule 8 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and arguing that his due process rights would be violated if he was not allowed to question the children. The DHHR provided video recordings of the children's forensic interviews to the parties and filed a motion to exclude the children's testimony. In its motion, the DHHR alleged that S.N.'s therapist recommended that S.N. not be required to testify as she exhibited "clinically significant symptoms of Posttraumatic Stress Disorder." According to the DHHR, the therapist opined "that testifying has great potential for causing [S.N.] further trauma at this time." The guardian concurred with the DHHR's position. Thereafter, petitioner stipulated to the authenticity of the forensic interviews, but adamantly denied the veracity of their contents.

The circuit court held four adjudicatory hearings during the next four months. The DHHR presented the children's recorded forensic interviews and the testimony of their older adult sister, a DHHR worker, and a West Virginia State Trooper. Following the presentation of this evidence, the circuit court considered the potential psychological harm that could be caused if the children were required to testify. The circuit court reasoned that the forensic interviews were conducted appropriately and that the DHHR presented testimony that corroborated the interviews. Further, the DHHR presented evidence that S.N. would suffer further psychological harm if required to testify. Accordingly, the circuit court ordered that the children would not be required to testify. Petitioner presented testimony from six witnesses but did not testify on his own behalf,[4] despite the circuit court's instruction that a failure to testify could result in a negative inference.

Following the presentation of evidence, the circuit court adjudicated the children as abused children and petitioner as an abusing parent. In support of adjudication, the circuit court made extensive findings of fact, including S.N.'s detailed recollections of specific instances of sexual abuse; N.H.'s recollection of finding a "diary entry" style note on S.B.'s cellphone that included "explicit detail" about her interaction with petitioner; the siblings' shared concerns that something was happening between petitioner and S.N.; and the siblings' recollection of noises consistent with sex emanating from the room where S.N. and petitioner shared a bed, which was most specifically detailed by S.B. mimicking the noise of the creaking bed during her forensic interview. Petitioner filed a motion for a post-adjudicatory improvement period, and the DHHR filed a motion to terminate petitioner's parental rights.

---

[3]The mother was convicted of unlawful wounding and served an extensive term of incarceration. During her incarceration, the mother made the step-father the children's legal guardian. At the time of the filing of the petition, the mother was no longer incarcerated and, after S.N.'s disclosure of sexual abuse, regained custody of the children.

[4]In petitioner's brief on appeal, he characterizes these witnesses as "basically people who knew him from the . . . community, who testified to his character." Petitioner concedes "they were not fact witnesses."

The circuit court held the final dispositional hearing in November of 2018. The DHHR requested the circuit court take judicial notice of the previously admitted evidence and presented additional testimony from a DHHR worker. Petitioner presented no evidence, but continued to deny the allegations in the petition through his counsel. The circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was in the children's best interests. Accordingly, the circuit court terminated petitioner's parental rights by its January 7, 2019, order. Petitioner now appeals that order.[5]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in excluding the testimony of the children, particularly that of S.N., and in relying on the children's forensic interviews. Petitioner contends that certain provisions in the law emphasize the maturity levels of those under the age of majority, and S.N., who was seventeen at the time of the adjudicatory hearing, was near enough to the age of adulthood to be required to testify.[6] Petitioner argues that the circuit court's order excluding the testimony of the children violates his due process rights. However, we have held that "[i]n a child abuse and neglect civil proceeding held pursuant to [West Virginia Code § 49-4-601], a party does not have a procedural due process right to confront and cross-examine a child." Syl. Pt. 7, in part, *In re J.S.*, 233 W. Va. 394, 758 S.E.2d 747 (2014). Based on this holding and the reasoning more fully detailed below, we find petitioner is entitled to no relief.

---

[5]The nonabusing mother retains her parental rights and full custody of the children.

[6]In support of his argument, petitioner references West Virginia Code § 48-9-206(a)(2), which provides that a court may consider a child's preference for parental custody if fourteen years or older or if younger than fourteen and "sufficiently matured that he or she can intelligently express a voluntary preference for one parent," and West Virginia Code § 61-8B-2(c)(1), which provides that a child sixteen years or older may consent to sexual acts.

Ruling on the issue, the circuit court relied on Rule 8(a) of the West Virginia Rules of Procedure for Abuse and Neglect Proceedings, which provides, in part, "there shall be a rebuttable presumption that the potential psychological harm to the child outweighs the necessity of the child's testimony and the court shall exclude this testimony if the potential psychological harm to the child outweighs the necessity of the child's testimony." In this case, this presumption is bolstered by the DHHR's evidence that S.N. expressed "clinically significant symptoms of Posttraumatic Stress Disorder" and that requiring her to testify had "great potential" for causing further trauma. Moreover, petitioner presented no evidence to rebut the presumption that S.N. or the other two children would be psychologically harmed by testifying. Rule 8(a) also provides factors to consider regarding a child's testimony:

> [T]he court may exclude the child's testimony if (A) the equivalent evidence can be procured through other reasonable efforts; (B) the child's testimony is not more probative on the issue than the other forms of evidence presented; and (C) the general purposes of these rules and the interest of justice will best be served by the exclusion of the child's testimony.

In this case, the children's testimony was available through the recorded forensic interviews. The circuit court found that these interviews were properly performed, without improper or leading questions. Indeed, petitioner stipulated to the admission of these interviews.[7] There is no reason to believe the children's testimony would be more probative than their statements in the forensic interviews. Finally, the general purpose of the Rules, which is to serve the best interests of the children, is served by the exclusion of the children's testimony due to the potential psychological harm would accompany such testimony.[8] In sum, we find no error in the circuit court's order excluding the testimony of the children and admitting the forensic interviews into evidence.

Petitioner's final argument is that the circuit court erred in failing to include any findings of fact regarding his witnesses. Petitioner asserts that he presented multiple witnesses "in support

---

[7]Petitioner also argues that the forensic interviews were not admissible under the West Virginia Rules of Evidence. The Court has previously found that forensic interviews are admissible in certain cases. *See In re J.S.*, 233 W. Va. 394, 406-07, 758 S.E.2d 747, 759-60 (2014). However, as noted above, petitioner filed a written stipulation to the "authenticity" of the interviews while challenging the veracity of the statements made therein and preserving his motion to cross-examine the child witnesses. Further, petitioner did not challenge the admission of the interviews and instead maintained his argument that the testimony of the children would be more appropriate. Accordingly, petitioner has waived this argument regarding the admission of this evidence for the purposes of appeal.

[8]Rule 2 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides "[t]hese rules shall be liberally construed to achieve safe, stable, secure permanent homes for abused and/or neglected children and fairness to all litigants. These rules are not to be applied or enforced in any manner which will endanger or harm a child."

of his character," all of whom "emphatically denied this alleged sexual abuse." Additionally, petitioner presented witnesses that lived in the home with petitioner, and the witnesses testified they did not know about the abuse. However, petitioner cites to no authority that requires the circuit court to make findings regarding every witness presented, nor does petitioner allege any specific facts from the testimony of these witnesses that may be relevant.[9] Rather, the circuit court relied on the forensic interviews of the children who provided specific details regarding petitioner's sexual abuse of S.N. The forensic interviews of the children emphasized petitioner's precautions in attempting to keep the abuse a secret, such as locking the garage and bedroom doors when the abuse took place, taking S.N. out for activities alone wherein S.N. stated she was then sexually abused, and sending S.N.'s siblings on an errand during a vacation to remain alone with S.N. in the hotel room. In short, the DHHR presented sufficient evidence to adjudicate petitioner as an abusing parent, even in light of the evidence that petitioner presented. Accordingly, we find no error in the circuit court's order.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 7, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[9]In support of this argument, petitioner argues that a circuit court's dispositional order is inadequate when it "merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion." Syl. Pt. 4, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001). Yet, this holding applies to the findings of fact and conclusions of law in dispositional orders, rather than adjudicatory orders. Further, the circuit court's adjudicatory order contains several detailed findings of fact to support its conclusion that petitioner sexually abused S.N. Accordingly, we find this argument unpersuasive.